IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 17-cr-30104 |
| ) | |
| **Lori M. Jones,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant Lori M. Jones's *pro se* motion for early termination of supervised release. (Doc. 50). The Court initially deferred ruling on the motion and directed the Government to file a supplemental response. (Doc. 53). The Government has filed a supplemental response indicating that both the Government and the United States Probation Office ("USPO") remain opposed to the request for early termination. For the following reasons, the Court agrees. Accordingly, the motion is **DENIED**.

### I.   Background

Ms. Jones was convicted of Arson, in violation of Title 18, United States Code, Section 844(i). Ms. Jones was sentenced to 60 months of imprisonment to be followed by a term of supervised release of three (3) years. The Court also ordered Ms. Jones to pay a special assessment of $100.00 and restitution in the amount of $1,084,557.33. On Ms. Jones was released into supervised release on November 1, 2022.

Ms. Jones filed her request for early termination of supervised release (Doc. 50) on March 13, 2024. In the Motion, Ms. Jones indicated that, since her release, she had been

working at Popeyes Chicken and that she was, "on the right path." (Doc. 50). The United States and the USPO responded to the motion. Both parties agreed that, although Ms. Jones was doing well on supervised release, given the amount of restitution still owed ($1,082,524.34), the motion should be denied. Upon review of the record, the Court agreed and concluded that it would be in Ms. Jones's and the community's best interest to remain on supervision. (Doc. 53). Accordingly, the Court deferred ruling on the motion and directed the United States to file a supplemental response in approximately six months. (Doc. 53).

In accordance with that order, the United States filed a supplemental response. (Doc. 54). Both the United States and the USPO remain opposed to the request for early termination. Both parties agree that Ms. Jones is not a good candidate for early termination given that she still owes a large sum of money and has failed to make monthly payments that amount to 10% of her net monthly income. The Court allowed Ms. Jones' an opportunity to reply (Doc. 55), but no reply has been filed.

## II.   Authority[1]

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the court finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that must be considered are:

---

[1] Generally, the district court is required to hold a hearing to consider a modification of supervision. Fed. R. Crim. P. 32.1(c)(1). A hearing, however, is not required if "the relief sought is favorable to the person and does not extend the term of … supervised release[.] Id., Rule 32.1(c)(2)(B). Accordingly, in the instant case, no hearing is required.

1. the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553 (a)(1));

2. the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));

3. the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553 (a)(2)(C));

4. the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553 (a)(2)(D));

5. the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553 (a)(4), (a)(5));

6. the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553 (a)(6)); and

7. the need to provide restitution to any victims of the offense (18 U.S.C. § 3553 (a)(7)).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. *United States v. Temple*, 464 Fed.Appx. 541, 544 (7th Cir. 2012). However, the district judge must give some indication that he considered the relevant statutory factors. *Id*. The Court need not make explicit findings on each of the relevant factors but the record must reveal the court gave consideration to the § 3553(a) factors. *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011).

### III.    Discussion

Ms. Jones's term of supervised release started when she was released from custody on November 1, 2022. Accordingly, she has been on supervised release for a little over one year, and she meets the requirement of section 3583(e)(1).

The United States Probation Office and the United States Attorney's Office agree that, although Ms. Jones has done well on supervision, the request for early termination should be denied at this time. This is because Ms. Jones still owes s $1,082,204.34 in restitution. (Doc. 54). She is required to make payments that amount to 10% of her net monthly income. Although Ms. Jones's net monthly income is $1,600.00, she has failed to make any payments over $50.00.

Upon review of the record, the Court declines to grant early termination of supervised release. Although Ms. Jones appears to be doing well on supervised release, working and making regular restitution payments, the Court expects those on supervised release to work and follow the rules. Ms. Jones makes no showing that her conduct has been exceptionally good, or that the conditions of supervised release impede her rehabilitation or impose any undue hardship. Moreover, although she has been making payments, she has failed to make payments amounting to 10% of her net monthly income. Ms. Jones committed a serious crime, and given the amount of outstanding restitution, early termination of supervised release is not warranted at this time.

Accordingly, the Court **DENIES** the motion for early termination of supervised release.

**SO ORDERED.**

Dated: January 9, 2025

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
